IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY CO., <br><br> Plaintiff, <br><br> v. <br><br> JOSÉ MANUEL COBIÁN GUZMÁN, et. al., <br><br> Defendants. | CIVIL NO.: 10-1078 (FAB/MEL) <br> 11-1415 (FAB/MEL) |

**ORDER**

On July 18, 2012, a status conference was held with the attorneys for plaintiff and for defendants, José Manuel Cobián Guzmán ("Cobián") and Tatiana Cobián González, for the purpose of discussing consent to proceed before a United States Magistrate Judge in view of the recent consolidation this case with Case No. 11-1415. Docket No. 143.[1] The parties discussed whether the fact that Cobián was in default (see Docket No. 22) might present an obstacle to the undersigned Magistrate Judge's jurisdiction over the case, and were ordered to present their views on the issue no later than August 3, 2012.

Subsequently, plaintiff filed two motions in compliance, stating its position that unanimous consent cannot be obtained because Cobián is in default and a party in default is unable to grant consent to proceed before a Magistrate Judge. Docket Nos. 145, 146. It posits that lack of unanimous consent to proceed before a Magistrate Judge is a jurisdictional bar that cannot be waived and could

---

[1] On December 21, 2010, all parties that had appeared in Case No. 10-1078 informed the court of their consent to proceed before a U.S. Magistrate Judge. Docket No. 43. Thus, the Clerk of Court assigned the case to Magistrate Judge Justo Arenas for all further proceedings and entry of final judgment. Docket No. 45. Upon the retirement of Magistrate Judge Arenas, the case was transferred to the undersigned. Docket No. 48.

therefore serve as a bar to the enforcement of any judgment that the undersigned Magistrate Judge may enter.  Docket No. 146 at p. 1.  Accordingly, plaintiff informed the court that it did "not consent to proceed before a Magistrate Judge given the questionably legal validity and legal significance of the consent provided by Cobián to proceed before a Magistrate Judge."  Docket No. 146 at p. 4.  There is support for plaintiff's contention that parties in default cannot consent to proceed before a Magistrate Judge.  See, e.g., U.S. Fid. & Guar. Co. v. P.R. Enters., Inc., Civ. No. 03-1338 (SEC), 2005 WL 2244283, at *2 (D.P.R. Sept. 15, 2005) (adopting report and recommendation) (unpublished) ("While consent to a magistrate judge's designation can be inferred from a party's conduct during litigation, there can be no inference of conduct when a party that has been served has not appeared and is in default."); Don King Prods. v. Otero, Civ. No. 04-2155 (JAG), 2005 WL 2138807 (D.P.R. Sept. 1, 2005) (unpublished) (citing Roell v. Withrow, 538 U.S. 580 (2003) (same).

Due to the lack of unanimous consent, then, the undersigned Magistrate Judge agrees that he lacks authority to preside over this case for all proceedings including trial and entry of judgment.  Therefore, the undersigned will issue orders on all non-dispositive motions and reports and recommendations on all dispositive motions.  The Clerk of Court is directed to notify any reports and recommendations to the presiding District Judge.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of September, 2012.

s/Marcos E. López<br>U.S. Magistrate Judge